# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUGGED OAKS INVESTMENT, LLC,

        Plaintiff,

vs.

EILEEN NELSON; DAVID NELSON; THE BANK OF NEW YORK MELLON, AS SUCCESSOR TO JP MORGAN BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR7 AKA JP MORGAN CHASE BANK, N.A.; CITIBANK (WEST) FSB; INTERNAL REVENUE SERVICE; AACA/ACCOUNT MANAGEMENT SERVICES; CITY OF LAS VEGAS; UNIFUND CCR PARTNERS AS ASSIGNEE OF PALISADES ACQUISITION XVI; SOUTHWESTUSA BANK; NV DHHS DIV OF WELFARE & SUPP SERVICES; LNV CORPORATION; MTC CORPORATION DBA TRUSTEE CORPS; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,

        Defendants.

Case No.:  2:15-cv-00240-APG-CWH

**PRELIMINARY INJUNCTION ORDER**

On February 19, 2015, I held a hearing on Plaintiff's Motion for Preliminary Injunction. Stephanie Cooper, Esq. of the Aldrich Law Firm, Ltd. appeared on behalf of Plaintiff. No other parties appeared at the hearing. Plaintiff's counsel advised that no counsel had confirmed their appearance on behalf of the first deed of trust holder or the trustee but service had been effectuated. I stated my concern that although the case had been removed by the Department of Justice, the other defendants receiving the Motion for Preliminary Injunction may not have been aware of the date set for the hearing. Plaintiff's counsel confirmed that she had spoken with the Department of Justice, LNV Corporation, and the City of Las Vegas, and they would not be appearing at the hearing. The remaining defendants did not respond by the time and date set for the hearing.

Based on the motion and the statements of counsel, I hereby find that the Motion sets forth sufficient grounds for a preliminary injunction to be granted. Plaintiff has a likelihood of success on the merits, and defendant should be enjoined from holding a pending foreclosure. I specifically find as follows:

1. A valid foreclosure sale by a homeowners' association of its super priority lien extinguishes all inferior security instruments recorded against the property.

2. Defendant Bank of New York appears to have an inferior security instrument to the homeowners' association super priority lien that was foreclosed.

3. Plaintiff has a substantial likelihood of success on the merits.

4. To allow Defendant Bank of New York to continue foreclosure proceedings would cause irreparable injury to Plaintiff.

5. The preliminary injunction should be granted until I have made a final judgment or until the injunction is dissolved, whichever occurs first.

6. Plaintiff should be required to post a bond of $100.00 as security for the preliminary injunction.

**IT IS HEREBY ORDERED** that defendant Bank of New York is hereby enjoined from any further foreclosure proceedings until the earlier of when the injunction is dissolved or the case is resolved.

**IT IS FURTHER ORDERED** that Plaintiff is required to post a $100.00 bond.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall serve this injunction order on all parties and the parties may bring the matter back before the Court after service.

Dated this 24th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE