UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUGGED OAKS INVESTMENT,<br><br>          Plaintiff,<br><br>v.<br><br>EILEEN NELSON, *et al.*,<br><br>          Defendants. | Case No. 2:15-cv-00240-APG-CWH<br><br>**ORDER DENYING SUMMARY JUDGMENT MOTION AND GRANTING COUNTERMOTION FOR RULE 56(D) RELIEF**<br><br>(Dkt. #24, #26) |

Plaintiff Rugged Oaks Investment purchased property at a homeowners' association ("HOA") foreclosure sale. Rugged Oaks moves for summary judgment on its quiet title claim, arguing that the HOA foreclosure sale extinguished the first deed of trust that encumbered the property. Rugged Oaks argues that under the HOA foreclosure statute, the recitals in the lien are conclusive proof that all statutory prerequisites were satisfied. Defendant Bank of New York Mellon ("BONY") responds that Rugged Oaks cannot rely on the deed's recitals and Rugged Oaks has presented no other evidence supporting its motion. BONY also contends the parties need to conduct discovery regarding the HOA sale because there is no evidence any of the notices for that sale were sent to BONY and questions remain about whether the sale was commercially reasonable.

The Supreme Court of Nevada recently clarified that under Nevada law, "courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate despite NRS 116.31166." *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp, Inc.*, No. 63180, 132 Nev. Adv. Op. 5 at 11 (Jan. 28, 2016) (en banc). Thus, even though Nevada Revised Statutes § 116.31166 states that recitals in a trustee's deed upon sale are "conclusive," I may quiet title in BONY if it is equitable to do so. *Id.* at 14-15. Accordingly, I deny Rugged Oaks' summary judgment motion and grant BONY's motion for a continuance under Federal

Rule of Civil Procedure 56(d). The parties should be able to conduct discovery on whether equity supports setting aside the HOA foreclosure sale. *Id.* at 9-24.

IT IS THEREFORE ORDERED that plaintiff Rugged Oaks Investment's motion for summary judgment **(Dkt. #24) is DENIED**.

IT IS FURTHER ORDERED that defendant Bank of New York Mellon's countermotion for relief **(Dkt. #26) is GRANTED**.

DATED this 7th day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE