UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUGGED OAKES INVESTMENT, LLC, | Case No. 2:15-CV-240 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| EILEEN NELSON, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Rugged Oaks Investment's motion to remand to state court. (ECF No. 73). Defendant Bank of New York Mellon ("BNYM") filed a response (ECF No. 75), to which plaintiff replied (ECF No. 76).

**I.     Facts**

This case involves a dispute over property that was subject to a homeowners' association ("HOA") superpriority lien for delinquent assessment fees.

Plaintiff filed the original complaint in state court on January 13, 2015, asserting one claim for quiet title/declaratory relief against defendants Eileen Nelson, David Nelson, BNYM, CitiBank (West) FSB, the Internal Revenue Service (the "IRS"), AACA/Account Management Services, the City of Las Vegas, Unifund CCR Partners, as assignee of Palisades Acquisition XVI, SouthWestUSA Bank, NV DHHS Division of Welfare & Supp Services, LVN Corporation, and MTC Corporation d/b/a Trustee Corps. (ECF No. 1-2).

**James C. Mahan**
**U.S. District Judge**

The IRS removed the action to federal court on February 11, 2015, pursuant to 28 U.S.C. §§ 1442 and 1444. (ECF No. 1). After over a year of proceedings, the parties that remain in the instant action are plaintiff and defendant BNYM.[1]

In the instant motion, plaintiff moves to remand, contending that the court lacks subject matter jurisdiction. (ECF No. 43).

**II.  Legal Standard**

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

**III.  Discussion**

In the instant motion, plaintiff asserts remand is appropriate based on lack of subject matter jurisdiction, arguing that "[t]here is no federal question before the [c]ourt, no diversity and the only question remaining for trial is whether the sales price was in some manner inadequate in a manner that could invalidate the foreclosure sale." (ECF No. 73 at 3). In particular, plaintiff contends that summary judgment against the IRS was entered and, without the IRS, no basis for subject matter jurisdiction exists. (ECF No. 73 at 2). The court disagrees.

---

[1] On April 29, 2015, plaintiff voluntarily dismissed its claims against defendant MTC Corporation d/b/a Trustee Corps. (ECF No. 20). On May 11, 2015, the court granted a stipulation between plaintiff and defendant NV DHHS Division of Welfare & Supp Services that stipulated to quiet title in the name of plaintiff as to any claims regarding interest in the property. (ECF Nos. 21, 22). On January 13, 2016, default judgment was entered against defendants AACA/Account Management Services, CitiBank (West) FSB, Unifund CCR Partners, as assignee of Palisades Acquisition XVI, and Eileen and David Nelson. (ECF No. 41). On February 3, 2016, the court granted a stipulation between plaintiff and defendant LVN Corporation that stipulated to quiet title in the name of plaintiff as to any claims regarding interest in the property. (ECF Nos. 42, 43). On March 17, 2016, the court granted plaintiff's motion for summary judgment against the IRS and judgment was entered the following day. (ECF Nos. 51, 52).

"The judicial power of the federal courts extends to any controversy to which the United States is a party." *Hood v. United States*, 256 F.2d 522, 525 (9th Cir. 1958) (citing United States Constitution, art. III, § 2, cl. 2). Moreover, 28 U.S.C. § 1442 accords the United States the right to remove certain cases at its sole option without regard to the amount in controversy. *See id.* Further, 28 U.S.C. § 1444 provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444.[2]

Here, federal subject matter jurisdiction existed at the time the action was commenced on January 13, 2015, because the IRS, a named defendant in plaintiff's complaint, removed pursuant to 28 U.S.C. §§ 1442 and 1444 on February 11, 2015. (ECF No. 1). Thus, removal was proper. *See also* 28 U.S.C. § 1441(a).

Indeed, summary judgment against the IRS was later entered—ore specifically, on March 17, 2016, the court granted plaintiff's motion for summary judgment against the IRS, in part based on the IRS filing a notice of non-opposition thereto. (ECF No. 51). The next day, a clerk's judgment was entered against the IRS. (ECF No. 52).

Plaintiff, however, fails to explain how summary judgment against the IRS renders remand proper seven months later—nor does plaintiff cite any binding authority in support of its contention that summary judgment against the IRS somehow divests the court of jurisdiction over the remaining case.

---

[2] Title 28 U.S.C. § 2410, in pertinent part, provides as follows:
    (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter-
        (1) to quiet title to,
        (2) to foreclose a mortgage or other lien upon,
        (3) to partition,
        (4) to condemn, or
        (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.
28 U.S.C. § 2410.

**James C. Mahan**
**U.S. District Judge**

Despite plaintiff's unsupported contentions to the contrary, the court has discretion in deciding whether to continue to exercise supplemental jurisdiction or remand the state claim to state court. *See* 28 U.S.C. § 1367(c); *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 962 (9th Cir. 2014).

In the instant case, the court declines to exercise supplemental jurisdiction over the state claim. Thus, plaintiff's motion to remand will be granted.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 73) be, and the same hereby is, GRANTED.

DATED December 12, 2016.

_____
UNITED STATES DISTRICT JUDGE